# DECISION

## OF THE

# Supreme Court of Florida

## JUNE TERM, 1913.

ALICE HOWE, *Appellant*, v. THE C. H. TURNER CONSTRUC-
TION COMPANY, A CORPORATION, *Appellee*.

Opinion Filed June 17, 1913.

Rehearing Denied October 28, 1913.

MUNICIPAL LAW—CONSTRUCTION OF ORDINANCE REQUIRING
SEWER CONNECTIONS.

The following paragraph of an ordinance of the city of Pensacola:
"When the property is improved a separate connection shall
be made to accommodate each main building, and where
unimproved, a separate connection shall be made to accom-
modate each city lot abutting on said street, except in corner
lots where said frontage may abut on the portion of the street
or streets to be paved and improved, in which case one con-
nection for each of the services above specified shall be made
to accommodate a depth of not over one hundred and twenty-
five feet:" *Held*, To require that each separate city lot, abut-
ting on the street to be paved, according to the maps and
plats of the city, shall be connected with the sewer and water
mains, whether improved or unimproved, and that where
there are located on the same city lot two or more main
buildings or residences requiring sewerage and water, that
then separate connections with the sewer and water mains
shall be made for each of said main buildings or residences.

Appealed from the Circuit Court of Escambia County; J. Emmet Wolfe, Judge.

Order affirmed.

*G. W. P. Whip,* and *Reeves* & *Watson* & *Pasco.* for Appellant;

*M. E. Morey,* for Appellee.

TAYLOR, J.—The appellee as complainant below filed its bill in the Circuit Court of Escambia County in equity against the appellant as defendant below to enforce and foreclose a lien on Lot 3 of Block 180 New City Tract in the City of Pensacola for furnishing and laying a sewerage and water pipe connection between said lot and the sewer and water mains in the street abutting on said lot, the bill alleging that the complainant performed said work under contract with, and at the order of, said City after the defendant had been duly notified to make said connections prior to the paving of said abutting street, and which she had neglected and refused to do.

To this bill the defendant filed a plea setting up the following paragraph of the city ordinances of said City of Pensacola:

"When the property is improved a separate connection shall be made to accommodate each main building, and where unimproved a separate connection shall be made to accommodate each city lot abutting on said street, except in corner lots where said frontage may abut on the portion of the street or streets to be paved and improved, in which case one connection for each of the services above specified shall be made to accommodate a depth of not over one hundred and twenty-five feet."

The plea alleges in substance that under this ordinance she was not required to connect said Lot No. 3 with said

sewer and water main and that no lien could be acquired for such connections, because she had Lots Nos. 1, 2, and 3 separated from all the other lots of said block by a substantial fence, and located on Lots 1 and 2 was one residence buildings, Lot No. 1 being a corner lot, and that on Lot 3 were wood sheds and other outbuildings for the use and convenience of those occupying the residence situated on Lots 1 and 2, and that said Lot No. 3 comprised the back yard for said residence and was part of the premises of said residence, and that said residence was and had been for some time connected with the sewerage and water mains of said city.

This plea was overruled on argument of same, and from this ruling the defendant below appeals here, assigning said ruling as error.

Our construction of the ordinance in question is that it requires each separate city lot abutting on the street to be paved according to the maps and plats of the city to be connected with the sewer and water mains whether improved or unimproved, and that where there are located two or more main buildings or residences requiring sewerage and water on the same city lot, that then separate connections with the sewer and water mains must be made for each of said main buildings or residences. With this construction, it being admitted that Lot 3 in question is a separate city lot, the ordinance requires it to be connected with the sewer and water mains even though it is at present used only as an appurtenance to the residence located on the adjacent lots 1 and 2, and it follows that the court below committed no error in the ruling appealed from.

The order of the court below appealed from is hereby affirmed at the cost of the appellant.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER, AND WHITFIELD, J. J., concur.